UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-62990

HUBERT WADE,

    Plaintiff,

v.

NPAS, INC,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff HUBERT WADE ("Plaintiff"), by and through undersigned counsel, sues NPAS, INC ("Defendant") for violations of 15 U.S.C § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act (the "FCCPA").

**DEMAND FOR JURY TRIAL**

1. Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337.

3. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

4. Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**PARTIES**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a Tennessee corporation, with its principal place of business located in Nashville, Tennessee.

7. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

8. At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

## FACTUAL ALLEGATIONS

9. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

10. The Consumer Debt represents and/or arises from an outstanding amount Plaintiff allegedly owes Plantation General Hospital for the provision of medical services on or about April 23, 2018.

11. Defendant is registered as a "Consumer Collection Agency" with the Florida Office of Financial Regulation and Defendant's "Consumer Collection Agency" license number is CCA9902869.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant is a business entity engaged in the business of collecting consumer debts.

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

15. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. §559.55(6).

16. Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

17. Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. §559.55(7).

18. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant maintains are not current to within one week of the current date.

20. On a date better known by Defendant, Defendant began attempting collect the Consumer Debt from Plaintiff.

21. Defendant did not provide Plaintiff with the information and/or disclosures required by, and in conformance with, 15 U.S.C. § 1692g(a)(3)-(5).

22. On or about December-2018, Defendant mailed a collection letter, dated December 08, 2018, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

23. Defendant engaged in conduct constituting "any action to collect [a] debt," *see* Fla. Stat. § 559.715, by mailing the Collection Letter to Plaintiff.

24. In the Collection Letter, Defendant states that: "[i]f payment in full is not received, your account may be referred to a debt collector without further notice." *See* <u>Exhibit A</u>.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25. The Collection Letter does not disclose that Defendant is a debt collector and that, as a debt collector, it (Defendant) "is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11).

### *COUNT I.*
### **VIOLATION OF 15 U.S.C. § 1692e(11)**

26. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

27. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

28. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector…." *See* 15 U.S.C. § 1692e(11).

29. As stated above, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Nowhere in the Collection Letter does Defendant inform Plaintiff that it (Defendant) is attempting to collect a debt and that any information obtained will be used for that purpose, let alone inform Plaintiff that it (Defendant) is a debt collector.

30. Accordingly, Defendant violated § 1692e(11) of the FDCPA by failing to inform Plaintiff in the Collection Letter that it (Defendant) was a debt collector and that it (Defendant) was attempting to collect a debt and that any information obtained will be used for that purpose.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## *COUNT II.*
## **VIOLATION OF 15 U.S.C. § 1692e & e(10)**

31. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

32. Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

33. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. §1692e(10).

34. As stated above, Defendant is registered as such with the Florida Department of State, and in its (Defendant's) capacity as a debt collector, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt. Yet, in the Collection Letter, Defendant states: "[i]f payment in full is not received, your account may be referred to a debt collector without further notice." *See* Exhibit A.

35. Here, Defendant violated § 1692e and § 1692e(10) of the FDCPA deceptively claiming that Plaintiff's account *may* be referred to a debt collector because the subject account was already with a debt collector, *i.e.,* Defendant, of which was acting as a debt collector. This false, deceptive, and otherwise misleading language causes, for example, the least sophisticated consumer to erroneously believe that he or she must act quickly to prevent the underlying debt from being referred to a debt collector when, in reality, the ultimatum proposed by Defendant was simply illusory and otherwise designed to wrongfully coheres payment from the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

36. Accordingly, by and through the Collection Letter, Defendant violated § 1692e and § 1692e(10) of the FDCPA by utilizing false representations and/or deceptive means in an attempt to collect the Consumer Debt and/or obtain information concerning Plaintiff.

### *COUNT III.*
### **VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)**

37. Plaintiff incorporates by reference paragraphs 1-25 of this Complaint as though fully stated herein.

38. Section 1692g(a) of the FDCPA mandates, *inter alia*, that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing -
> …
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

39. Here, Defendant was required to adequately inform Plaintiff the information and/or rights he (Plaintiff) enjoys under 15 U.S.C. § 1692g(a)(3)-(5) within and/or during Defendant's initial communication with Plaintiff in connection with the collection of the Consumer Debt, or

PAGE | **6** of **8**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

within five (5) days thereof in writing. As stated above, however, Defendant failed to provide Plaintiff with such disclosures.

40. Accordingly, by failing to notify and/or otherwise adequately inform Plaintiff of the rights he (Plaintiff) enjoys under § 1692g(a)(3)-(5), of which Defendant was *required* to provide within and/or during Defendant's initial communication with Plaintiff, or within five (5) days thereof in writing, Defendant violated 15 U.S.C. § 1692g(a)(3)-(5).

## *COUNT IV.*
## VIOLATION OF FLA. STAT. § 559.72(9)

41. Plaintiff incorporates by reference paragraphs 1-24 of this Complaint as though fully stated herein.

42. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

43. The Consumer Debt is a debt governed by the FDCPA. For Defendant to lawfully seek the collection of the Consumer Debt, Defendant must comply with the FDCPA.

44. As set forth in *Count I, II,* and *III*, of this Complaint, Defendant violated § multiple provisions of the FDCPA and, as a result, Defendant was stripped of any authority it *may have* had to *lawfully* seek the collection of the Consumer Debt. For example, by failing to provide such notice to Plaintiff in conformance with § 1692g(a) and/or § 1692e(11) of the FDCPA, Defendant knew that, by mailing the Collection Letter to Plaintiff, it (Defendant) was unlawfully seeking to collect the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

45. Accordingly, by and through the Collection Letter, Defendant attempted to collect a debt from Plaintiff, *namely* the Consumer Debt, that Defendant knew it could not legally collect from Plaintiff in violation of Fla. Stat. 559.72(9).

## **PRAYER FOR RELIEF**

46. WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

   (a) Statutory damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant;

   (b) Statutory damages, as provided under Fla. Stat. §559.77(2), for the FCCPA violation committed by Defendant;

   (c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

   (d) Costs and reasonable attorney's fees as provided by both 15 U.S.C. §1692k and Fla. Stat. §559.77(2); and

   (e) Any other relief that this Court deems appropriate and just under the circumstances.

DATED: December 5, 2019

Respectfully Submitted,

/s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **8**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com