UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HUBERT WADE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO.: 0:19-cv-62990 |
| | ) |
| NPAS, INC., | ) |
| | ) |
|    Defendant. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT NPAS, INC. TO PLAINTIFF'S COMPLAINT**

**ANSWER**

Defendant NPAS, Inc. ("NPAS"), by and through the undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial Injunctive Relief Sought (D.E. 1, the "Complaint"), states as follows:

**Demand for Jury Trial**

1. NPAS acknowledges Plaintiff's demand for a jury trial.

**Jurisdiction and Venue**

2. NPAS admits only that Plaintiff has brought this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and that this court has subject matter jurisdiction over such claims; otherwise, denied.

3. Paragraph 3 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS denies the same.

4. NPAS admits that venue is proper in this district; otherwise, denied.

5. NPAS is without sufficient information or knowledge to form a belief as to the allegations of Paragraph 5 and therefore denies the same.

6. NPAS admits the allegations contained in Paragraph 6.

7. NPAS denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. NPAS denies the allegations in Paragraph 8 of Plaintiff's Complaint.

### Alleged Factual Allegations

9. NPAS is without sufficient information or knowledge to form a belief as to the answer to Paragraph 9 and therefore denies the same.

10. NPAS admits that Plaintiff received medical treatment on April 23, 2018. NPAS denies that the resulting amount due associated with such treatment constitutes a "debt" under the FDCPA.

11. NPAS admits the allegations contained in Paragraph 11.

12. NPAS denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. NPAS denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. NPAS denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, the statutory language speaks for itself; otherwise, NPAS denies the same.

16. NPAS is without sufficient information or knowledge to form a belief as to the answer to Paragraph 16 and therefore denies the same.

17. Paragraph 17 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, the statutory language speaks for itself; otherwise, NPAS denies the same.

18. NPAS denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. NPAS denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. NPAS denies the allegations in Paragraph 20 of Plaintiff's Complaint.

21. NPAS denies the allegations in Paragraph 21 of Plaintiff's Complaint.

22. NPAS admits only that **Exhibit A** speaks for itself.

23. NPAS denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. NPAS admits only that **Exhibit A** speaks for itself.

25. NPAS admits only that **Exhibit A** speaks for itself.

## COUNT I

## ALLEGED VIOLATION OF 15 U.S.C. § 1692e(11)

26. NPAS re-alleges and incorporates by reference its prior answers to paragraphs 1-25 of Plaintiff's Complaint as if fully set forth herein.

27. Paragraph 27 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS states that the language of the FDCPA speaks for itself.

28. Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS states that the language of the FDCPA speaks for itself.

29. NPAS admits only that **Exhibit A** speaks for itself. NPAS denies that it was attempting to collect a Debt or that it was acting as a Debt Collector as defined by relevant law.

30. NPAS denies the allegations in Paragraph 30 of Plaintiff's Complaint.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count I of Plaintiff's Complaint, with prejudice, award NPAS its costs incurred herein, and grant such other and further relief as this Court deems just and proper.

SL 3704425.1

120870590.1

## COUNT II

### ALLEGED VIOLATION OF 15 U.S.C. § 1692e & e(10)

31. NPAS re-alleges and incorporates by reference its prior answers to paragraphs 1-25 of Plaintiff's Complaint as if fully set forth herein.

32. Paragraph 32 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS states that the language of the FDCPA speaks for itself.

33. Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS states that the language of the FDCPA speaks for itself.

34. NPAS admits only that **Exhibit A** speaks for itself; otherwise, denied. More specifically, NPAS denies that it was attempting to collect a Debt or that it was acting as a Debt Collector as defined by relevant law.

35. NPAS denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. NPAS denies the allegations in Paragraph 36 of Plaintiff's Complaint.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count II of Plaintiff's Complaint, with prejudice, award NPAS its costs incurred herein, and grant such other and further relief as this Court deems just and proper.

## COUNT III

### ALLEGED VIOLATION OF 15 U.S.C. § 1692g(a)(3)-(5)

37. NPAS re-alleges and incorporates by reference its prior answers to paragraphs 1-25 of Plaintiff's Complaint as if fully set forth herein.

38. Paragraph 38 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS states that the language of the FDCPA speaks for itself.

39. NPAS denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. NPAS denies the allegations in Paragraph 40 of Plaintiff's Complaint.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count III of Plaintiff's Complaint, with prejudice, award NPAS its costs incurred herein, and grant such other and further relief as this Court deems just and proper.

## COUNT IV

### ALLEGED VIOLATION OF FLA. STAT. § 559.72(9)

41. NPAS re-alleges and incorporates by reference its prior answers to paragraphs 1-24 of Plaintiff's Complaint as if fully set forth herein.

42. Paragraph 42 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, NPAS states that the language of the FCCPA speaks for itself.

43. NPAS denies the allegations in Paragraph 43 of Plaintiff's Complaint.

44. NPAS denies the allegations in Paragraph 44 of Plaintiff's Complaint.

45. NPAS denies the allegations in Paragraph 45 of Plaintiff's Complaint.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Count IV of Plaintiff's Complaint, with prejudice, award NPAS its costs incurred herein, and grant such other and further relief as this Court deems just and proper.

SL 3704425.1

120870590.1

46. Paragraph 46 reflects Plaintiff's Prayer for Relief to which no response is required. To the extent a response is required, NPAS denies that Plaintiff is entitled to any of the recovery sought and requests that it be awarded its costs incurred herein.

47. Any allegation not expressly admitted herein is denied.

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, award NPAS its costs incurred herein, and grant such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A. Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rule of Civil Procedures 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted. More specifically, Plaintiff fails to include factual allegations that the Debt constitutes a consumer debt for purposes of the FDCPA or the FCCPA and that NPAS constitutes a Debt Collector under the FDCPA or the FCCPA. Further, Plaintiff fails to allege any facts to support the contention that NPAS possessed actual knowledge of any purported lack of right to collect a debt, as is required under the FCCPA.

B. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel and unclean hands. More specifically, Plaintiff consented to receiving communications like that identified as Exhibit A to Plaintiff's Complaint at the time that he consented to receiving the services giving rise to the purported Debt.

C. NPAS asserts that it is not a "debt collector" and not subject to the requirements of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"). NPAS asserts further, and in the alternative, that any and all failures to comply with the requirements of the

FDCPA that may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA, NPAS is not liable to Plaintiff.

D. NPAS asserts that Plaintiff has not incurred any actual damages as a result of any alleged violation by NPAS of the FDCPA or FCCPA and therefore lacks Article III standing to pursue such claims. Alternatively, NPAS asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate his damages, if any.

E. NPAS states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.

## RESERVATION OF RIGHTS

NPAS presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as of yet unstated, affirmative defenses available. NPAS hereby specifically reserves, and does not waive, the right to amend its affirmative defenses and/or assert additional affirmative defenses, and/or to assert additional counterclaims, third party claims and/or other claims, as the facts and circumstances may warrant and in the event discovery indicates that they would be appropriate..

WHEREFORE, Defendant NPAS, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Scott A. Richards*
Scott A. Richards
Florida Bar No. 72657

>
> CARLTON FIELDS, P.A.
> 200 South Orange Avenue, Suite 1000
> Orlando, FL 32801
> Telephone: (407) 244-8226
> Facsimile: (407) 648-9099
> Email: SRichards@carltonfields.com
>
> *Attorneys for NPAS, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case.

>
> *s/ Scott A. Richards*
> Scott A. Richards